```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JAMES ANTHONY BARNES,            :
                                 :   Civil Action No. 11-4995 (FLW)
           Plaintiff,            :
                                 :
      v.                         :   **MEMORANDUM OPINION**
                                 :
MERCER COUNTY HEALTH             :
DEPARTMENT,                      :
                                 :
           Defendant.             :

**APPEARANCES**:

   JAMES ANTHONY BARNES, Plaintiff pro se
   #507188
   Mercer County Correction Center
   P.O. Box 8068
   Lambertville, New Jersey 08610

**WOLFSON**, District Judge

   Plaintiff James Anthony Barnes, a state inmate presently confined at the Mercer County Detention Center in Lambertville, New Jersey, seeks to bring this civil action in forma pauperis, pursuant to 28 U.S.C. § 1915.  For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

### BACKGROUND

   Plaintiff's Complaint alleges unintelligible claims against the Mercer County Health Department.  The Complaint is a handwritten jumble of allegations that are mostly incomprehensible, rambling and incoherent.  The mostly

indecipherable allegations appear to involve numerous unidentified persons and unrelated incidents involving the sale of drugs, pornography, homosexuality and alleged sexual assaults. Plaintiff offers delusional rants about cannibalism, baby murders, trafficking of human body parts, homosexual behavior, stolen social security payments, drug addiction, drug sales, sexual encounters, and police and other official corruption.  The Complaint is somewhat duplicative of several, earlier submitted Complaints that were administratively terminated pursuant to 28 U.S.C. § 1915(g).  Plaintiff does not indicate the relief he seeks.[1]

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

---

[1] Barnes v. Mercer County Correction Center, et al., Civil No. 11-3554 (FLW); Barnes v. Thomas, Civil No. 11-3555 (FLW); Barnes v. Dunkin Donuts, et al., Civil No. 11-3761 (FLW); Barnes v. Department of Corrections, et al., Civil No. 11-3762 (FLW); Barnes v. 7-Eleven, Civil No. 11-3763 (FLW); Barnes v. Internal Affairs, et al., Civil No. 11-3798 (FLW); Barnes v. Trenton Psychiatric Hospital, Civil No. 11-4028 (AET).  Barnes has continued to submit Complaints for filing, making similar incoherent allegations against different defendants, including this one and the following: Barnes v. Trenton Police Department, et al., Civil No. 11-4402 (FLW); Barnes v. The Philadelphia Mint and Reserve for Washington D.C., Civil No. 11-4519 (FLW); Barnes v. Mercer County Correction Center, et al., Civil No. 11-4520 (FLW); Barnes v. Trenton Municipal Court, et al., Civil No. 11-4624 (JAP); Barnes v. Mercer County Correction Center, et al., Civil No. 11-4641 (FLW); Barnes v. Mercer County Superior Court, Civil No. 11-4777 (FLW); and Barnes v. St. Francis Hospital, Civil No. 11-4812 (FLW).

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in the District of New Jersey.  At least three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A.  See, e.g., Barnes v. Mercer County Court House, Civil No. 07-1194 (FLW); Barnes v. Trenton State Prison

3

Medical Department, Civil No. 09-1604 (GEB); Barnes v. Trenton Police Department, Civil No. 09-5934 (JAP).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In his Complaint, Plaintiff makes no allegations or claims of "imminent danger."  Rather, the Complaint appears to involve past incidents of delusory and ludicrous acts of homosexual, sexual and other outrageous behavior by mostly unidentified persons allegedly against Plaintiff.  As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm as alleged here.  See Abdul-Akbar, 239 F.3d at 312.  Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendant has violated any state or federal law, or otherwise violated Plaintiff's constitutional rights.  However, this Court finds that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

**E.  All Writs Injunction Order**

Finally, this Court finds that this action as well as many other lawsuits recently filed by Plaintiff this year demonstrate an escalating pattern of abusing the litigation process by filing vexatious, repetitive and frivolous complaints.  Indeed, Plaintiff has been excessively litigious in this Court in the past four months, having filed fifteen (15) separate actions before the Court between June 2011 through late August 2011, most of which have been administratively terminated pursuant to 28 U.S.C. § 1915(g).  See fn 1, supra.  In all of these fifteen actions, the Court noted the Complaints to be mostly incoherent, incomprehensible, and comprised of implausible, far-fetched allegations with little to no factual support.  Further, the delusional allegations had little to no relation to the named party defendant in each Complaint.

Finally, this Court observes that this instant action and most of the Complaints filed by Plaintiff in the past four months repeat the same allegations, escalating to some degree the strange and delusional rants by Plaintiff.

This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice.  Thus, it is within this Court's inherent power to protect the courts from Plaintiff's excessive, meritless, and frivolous litigation, by enjoining him from access to the federal court system without prior leave of this Court.

5

See Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Inst. For Motivational Living, Inc. V. Doulos Inst. For Strategic Consulting, Inc., No. 03-4177, 2004 WL 2241745, 110 Fed. Appx. 283 (3d Cir. 2004)(finding that "District Court had inherent authority to impose [a] ... sanction" against a vexatious pro se litigant).  Moreover, the All Writs Act, which provides in pertinent part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of the law," 28 U.S.C. § 1651(a), lend further support to the Court's ability to issue a restriction against this Plaintiff.  The Third Circuit has held that Section 1651(a) authorizes district courts to issue an injunction, thereby restricting access to federal courts of parties who repeatedly file frivolous lawsuits.  See Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir.), cert. denied, 498 U.S. 806 (1990).

 Therefore, in the interest of promoting judicial efficiency and deterring further frivolous filings, and this Court, being convinced that Plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994); see also Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (indicating that exigent circumstances permitting a District Court to restrict a litigant from filing claims pursuant to 28 U.S.C. § 1651(a), include "a litigant's continuous abuse of the

judicial process by filing meritless and repetitive actions"), and that Plaintiff will continue to file papers in closed cases or commence new actions in this Court regarding the same or similarly baseless claims in the future, will issue an All Writs Injunction Order, pursuant to 28 U.S.C. § 1651(a), that will bar and enjoin Plaintiff from filing any document or pleading of any kind in this District Court as a pro se litigant, except in pending litigation, unless Plaintiff (1) first seeks leave of the Court granting Plaintiff written permission to file any such document or pleading and (2) a Judge of the Court grants Plaintiff leave to file such document.  See Perry v. Gold & Laine, P.C., et al., 371 F. Supp.2d 622, 631-32 (D.N.J. 2005); Tilbury v. Aames Home Loan, et al., Civil No. 05-2033 (FLW), 2005 U.S. Dist. LEXIS 33455, *39-40 (D.N.J., Dec. 12, 2005), aff'd., No. 06-1214, 2006 U.S. App. LEXIS 22884, 19 Fed. Appx. 122 (3d Cir., Sept. 7, 2006); Smith v. Litton Loan Servicing, LP, 2005 WL 289927 (E.D. Pa., Feb. 4, 2005).

   Moreover, the All Writs Injunction Order will require that Plaintiff include with any proposed filing undertaken in his capacity as a pro se plaintiff, except in pending litigation, a certification taken under oath stating: (1) that the complaint is not frivolous or vexatious, nor repetitive or violative of a court order, (2) that all claims presented have never been raised in this Court before and disposed of on the merits, and that it is not barred by principles of claim or issue preclusion, (3) the

7

proposed filing can survive a challenge under Fed.R.Civ.P. 12, (4) that all facts alleged in the complaint are believed to be true by Plaintiff, (5) that Plaintiff has no knowledge or belief that her claims are for any reason foreclosed by controlling law, and (6) that the pleading is in compliance with Fed.R.Civ.P. 11.

Further, the All Writs Injunction Order will direct that the Clerk of the Court shall not accept for filing any document or pleading of any kind submitted by or on behalf of Plaintiff in his capacity as a plaintiff appearing pro se, except (1) in pending litigation, (2) where a Judge of the Court has first directed that the document or pleading be filed, or (3) papers to appeal the All Writs Injunction Order or to notify the Court of appellate action.

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g).  As set forth in the accompanying Order, Plaintiff's case will be administratively terminated.  Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.  Finally, an All Writs Injunction Order shall issue immediately, precluding Plaintiff from filing any document or pleading of any kind with the Court as a pro se plaintiff, except in pending litigation, unless the leave-to-file

procedures set forth in the accompanying All Writs Injunction Order are satisfied.  An appropriate Order accompanies this Opinion.

                                                S/Freda L. Wolfson
                                                FREDA L. WOLFSON
                                                United States District Judge

Dated: October 5, 2011